

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

ENTERED
11/09/2017

| | | |
|---|---|---|
| **IN RE:** | § | |
| **IFS FINANCIAL CORPORATION** | § | **CASE NO: 02-39553** |
| Debtor(s) | § | |
| | § | **CHAPTER  7** |
| | § | |
| **JOSEPH D MARTINEC** | § | |
| Plaintiff(s) | § | |
| | § | |
| **VS.** | § | **ADVERSARY NO. 17-03042** |
| | § | |
| **W. STEVE SMITH,** *et al* | § | |
| Defendant(s) | § | |

## MEMORANDUM OPINION

Hartford Casualty Insurance Company and Joseph D. Martinec, the Chapter 7 Trustee, filed cross motions for summary judgment to determine Hartford's liability as surety for the actions of Steve Smith, the previous Chapter 7 Trustee who was removed for breaching his fiduciary duty to the IFS Financial bankruptcy estate. Hartford's motion for summary judgment is denied and Martinec's motion for partial summary judgment is granted.

### Background

The events giving rise to this litigation arose when an involuntary bankruptcy petition was filed against IFS Financial Corporation in this Court in 2002. (ECF No. 1 at 4). Steve Smith was appointed the Chapter 7 Trustee for IFS's case and oversaw more than 100 adversary proceedings to recover assets for the bankruptcy estate. (ECF No. 1 at 4). After notice and hearing, the Court removed Smith for cause under 11 U.S.C. § 342(d). *See In re IFS Fin. Corp.*, 803 F.3d 195, 199 (5th Cir. 2015) (describing Smith's removal). In order to replace Smith, a trustee election was held on August 16, 2016, pursuant to 11 U.S.C. § 702. Martinec was elected as the new Chapter 7 Trustee

Martinec now seeks to recover funds that Smith allegedly misapplied while serving as Chapter 7 Trustee.  (ECF No. 1 at 1–2).  Martinec initiated this adversary proceeding to collect part of this recovery through the surety bonds that Hartford provided Smith while he was acting as Trustee in the case.  (ECF No. 1 at 18).  The Bankruptcy Code requires that trustees provide a bond "conditioned on the faithful performance of such official duties."  11 U.S.C. § 322(a). Martinec claims that this bond is now payable to the bankruptcy estate due to Smith's breach of his fiduciary duties and his failure to properly account for funds spent on the estate's behalf. (ECF No. 1 at 18).

In response, Hartford filed a motion for summary judgment, arguing that it has no liability under the bond because the two-year statute of limitations for the surety's liability under the Bankruptcy Code has elapsed.  § 322(d).  Martinec countered with his own motion for summary judgment, claiming that, while Smith was removed from his Trustee duties, he was never discharged and so Hartford remains liable under the bond.

## Jurisdiction

The District Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(a). Pursuant to 28 U.S.C. § 157(a), this proceeding has been referred to the Bankruptcy Court by General Order 2012-6.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), and (O).

## Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a); FED. R. BANKR. P. 7056 (incorporating Rule 56 in adversary proceedings).

A party seeking summary judgment must demonstrate the absence of a genuine dispute of material fact by establishing the absence of evidence to support an essential element of the non-

movant's case. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009). A genuine dispute of material fact is one that could affect the outcome of the action or allow a reasonable fact finder to find in favor of the non-moving party. *Gorman v. Verizon Wireless Texas, L.L.C.*, 753 F.3d 165, 170 (5th Cir. 2014) (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)).

A court views the facts and evidence in the light most favorable to the non-moving party at all times. *Ben-Levi v. Brown*, 136 S. Ct. 930 (2016). Nevertheless, the Court is not obligated to search the record for the non-moving party's evidence. *Keen v. Miller Envtl. Grp., Inc.*, 702 F.3d 239, 249 (5th Cir. 2012). "Summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *Hemphill v. State Farm Mut. Auto. Ins. Co.*, 805 F.3d 535, 538 (5th Cir. 2015), *cert. denied*, 136 S. Ct. 1715 (2016).

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, showing that the materials cited do not establish the absence or presence of a genuine dispute, or showing that an adverse party cannot produce admissible evidence to support the fact. FED. R. CIV. P. 56(c)(1). The Court need consider only the cited materials, but it may consider other materials in the record. FED. R. CIV. P. 56(c)(3). The Court should not weigh the evidence. *Wheat v. Florida Par. Juvenile Justice Comm'n*, 811 F.3d 702, 713 (5th Cir. 2016). A credibility determination may not be part of the summary judgment analysis. *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014). However, a party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. FED. R. CIV. P. 56(c)(2). Moreover,

the Court is not bound to search the record for the non-moving party's evidence of material issues. *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014).

"The moving party bears the initial responsibility of informing the [Court] of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." *Nola Spice Designs, L.L.C. v. Haydel Enterprises, Inc.*, 783 F.3d 527, 536 (5th Cir. 2015). The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial.

If the movant bears the burden of proof on an issue, a successful motion must present evidence that would entitle the movant to judgment at trial. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 326 (1986). Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine dispute of material fact. FED. R. CIV. P. 56(c)(1); *Celotex*, 477 U.S. at 322-24. The non-moving party must cite to specific evidence demonstrating a genuine dispute. FED. R. CIV. P. 56(c)(1); *Celotex*, 477 U.S. at 324. The non-moving party must also "articulate the manner in which that evidence supports that party's claim." *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). Even if the movant meets the initial burden, the motion should be granted only if the non-movant cannot show a genuine dispute of material fact. If the non-movant bears the burden of proof of an issue, the movant must show the absence of sufficient evidence to support an essential element of the non-movant's claim. *Celotex*, 477 U.S. at 325. Upon an adequate showing of insufficient evidence, the non-movant must respond with sufficient evidence to support the challenged element of its case. *Id.* at 324. The motion should be granted only if the non-movant cannot produce evidence to support an essential element of its claim. *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

## Analysis

The parties do not dispute the material facts in this case.  Smith was the Chapter 7 Trustee and was removed by this Court's Order on May 10, 2013.  (Case No. 02-39553 ECF No. 1082).   The summary judgment motions in this adversary proceeding focus on the narrow question of whether "removal of a trustee" and "discharge of a trustee" are equivalent under § 322(d) of the Bankruptcy Code.  Hartford sees the two as interchangeable; consequently, when this Court removed Smith as Trustee in 2013, the clock on the two-year statute of limitations began running, elapsed, and now bars this adversary proceeding.  (ECF No. 40 at 5–7). On the other hand, Martinec claims that "discharge" and "removal" have separate and distinct meanings. (ECF No. 42 at 6).  Since this Court never granted Smith a discharge, the statute of limitations never commenced.  (ECF No. 42 at 6).

Although "removal" and "discharge" are used frequently throughout the Bankruptcy Code, neither word is specifically defined.  The provision of the Bankruptcy code at issue states, "A proceeding on a trustee's bond may not be commenced after two years after the date on which such trustee was *discharged*."  § 322(d) (emphasis added).  Without a statutory definition, the dictionary provides an initial reference regarding these words.  *In re Nowlin*, 576 F.3d 258, 263 (5th Cir. 2009) (referencing dictionary definition to interpret an undefined word in the Bankruptcy Code).  *Discharge* is defined as "[a]ny method by which a legal duty is extinguished; esp., the payment of a debt or satisfaction of some other obligation."  *Discharge*, BLACK'S LAW DICTIONARY (10th ed. 2014).   On the other hand, *removal* is defined as "the immediate termination of an officeholder's privilege to serve in that office."   *Removal*, BLACK'S LAW DICTIONARY (10th ed. 2014).

Hartford claims that this Court's order removing Smith as Trustee also ended his legal obligations and has the practical effect of fitting squarely within the definition of *discharge*. (ECF No. 40 at 7).   that the specific language in this Court's order *removed* rather than *discharged* Smith from his position as Trustee.  Comparing the two definitions on their face, they are separate and distinct.  The definition of removal does not carry any implications that Smith satisfied his legal duties as Trustee, which Hartford argues are implied within it.  Furthermore, Hartford's view also fails to account for the different ways the two words are utilized throughout the Bankruptcy Code.  Removal is used in § 324(a), which states, "The Court, after notice and a hearing, may remove a trustee . . . for cause."  This usage fits well within the dictionary definition of removal cited above as termination of the right to serve in a position.  On the other hand, "discharge" ordinarily applies to debtors and  describes the relief from debts granted to the debtor after successfully complying with the requirements outlined in the Code.  *See* §§ 727, 1141(d)(1)(A), 1328(a).  The use of the word "discharge" with respect to a trustee should be given a similar meaning.  The issue of whether Smith should be "discharged" and relieved of further obligations to the Estate (such as the return of funds improperly applied) is the subject of this adversary proceeding.

Hartford also urges the court to adopt its view that Smith's removal satisfies the definition of discharge in order to prevent the surety's liability from extending infinitely.  (ECF No. 40 at 8).  To Hartford, the statute imposes a two-year limit on the surety's liability.  (ECF No. 40 at 8).  Hartford argues that its bond obligation could theoretically never expire and create a systemic problem.  Hartford's systemic concerns are vastly overstated.  First, the removal of a trustee itself is a rare event, limiting the potential for systemic issues.  When a trustee is removed for cause, the removal itself would provide Hartford with immediate notice that issues could

arise under its bond.  Second, Hartford is in a unique position to protect itself from notice issues.  Although Hartford's bond may have required that it receive notice of Smith's removal, Hartford failed to include a provision that (i) limits its liability following removal; (ii) limits liability for failing to give notice; or (iii) imposes a two-year claim period following removal.  Hartford could have included these provisions in its bond, or refused to issue a bond if the United States Trustee would not accept these provisions.  Third, Hartford could monitor cases on which it has issued bonds and could institute its own proceedings to determine liability on its bonds.

The First Circuit examined a similar question in *In re San Juan Hotel Corp*., in which a Trustee was appointed to oversee a hotel through chapter 11 bankruptcy.  847 F.2d 931, 935 (1st Cir. 1988); *see also In re Am. Bridge Prod., Inc*., 599 F.3d 1, 6 (1st Cir. 2010).  The bankruptcy court allowed the Trustee to serve without providing a bond despite the requirements in § 322(a).  *Id*.  The hotel continued to struggle with its debts and the case was eventually converted into a chapter 7 bankruptcy, which led the creditors to vote for the Trustee's removal.  *Id*.  The Trustee's removal uncovered a significant number of issues with the estate such as inadequate record keeping, failure to pay taxes, and self-dealing.  *Id*.  The creditors filed suit to hold the Trustee personally liable and the Trustee sought to assert the statute of limitations as a defense.  *Id*. at 939.  The First Circuit rejected this argument, holding that the Trustee had not been discharged because he failed to comply with § 704(9) and provide a final accounting and application for final compensation.  *Id*.  Examining the Bankruptcy Code as a whole, the First Circuit interpreted § 322(d) in light of the requirements of § 704(9), holding that "[the Trustee] did not file his final report . . . more than a year after the action was instituted.  At the time of the appeal, the application still had not been approved nor [the Trustee] discharged."  *Id.* (citations

omitted).  The First Circuit held that the trustee's removal did not invoke a comparable statute of limitations.  *Id*.

Hartford claims that *San Juan Hotel* is distinguishable from this case based on the fact that the parties sought to hold the Trustee personally liable and the First Circuit's statement that "we do not feel compelled to reach the issue of whether section 322(d) applies to trustees at this time."  (ECF No. 46 at 7 quoting *San Juan Hotel*, 847 F.2d at 941).  Although it is true that the underlying facts between these two cases are slightly different, the First Circuit was not able to find a statute of limitations regarding a trustee's personal liability in the Code and so it interpreted § 322(d).  *San Juan Hotel*, 847 F.2d at 940.  In doing so, it explicitly relied on the fact that "§322(d) . . . focuses on discharge as the point at which the period of limitations begins to run.  Having never been discharged, [the trustee's] financial accountability as a trustee cannot have ceased."  *Id*. at 941.

Hartford finally argues that enforcing the two-year statute of limitations in the Code is proper because of the notice issues that occurred in this case.  (ECF No. 40 at 9–10).  Hartford alleges that Smith's misconduct was well-established through this Court's removal and Smith's subsequent appeals; yet, Martinec failed to notify Hartford regarding its potential liability for several years.  (ECF No. 40 at 10).  The consequences of any such failure are subject to future litigation; they do not result in a Rule 12 dismissal.  Although Hartford raises a valid issue regarding notice, it remains an unconvincing argument.  Ultimately § 322(d) defines the requirements for the statute of limitations and requires that a trustee must first be discharged in order to begin the two-year clock.

## **<u>Conclusion</u>**

The Court will enter an order consistent with this Memorandum Opinion.

SIGNED **<u>November 9, 2017.</u>**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE